UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREE KAMINSKY,<br>    Plaintiff, | CIVIL ACTION NO.<br>3:13-CV-1927(JCH) |
| v. | |
| STANDARD FIRE INSURANCE CO.,<br>    Defendant. | MAY 28, 2015 |

**RULING RE: MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT THE STANDARD FIRE INSURANCE COMPANY (Doc. No. 43)**

Andree Kaminsky brings the present action against the Standard Fire Insurance Company ("Standard Fire") alleging, in a one-count Complaint (Doc. No. 1), breach of an insurance contract. Specifically, Kaminsky alleges that Standard Fire failed to compensate her fully when, after Superstorm Sandy damaged her home in late 2012, she made a claim against a flood insurance policy covered by Standard Fire. Standard Fire moves for summary judgment. See Motion for Summary Judgment of Defendant the Standard Fire Insurance Company (Doc. No. 43). The Motion is granted in part and denied in part.

**I.    FACTS**[1]

Andree Kaminsky holds a Standard Flood Insurance Policy ("the SFIP" or "the Policy") issued and covered by Standard Fire for her property, which is located at 3 Weed Circle in Stamford, Connecticut ("the Property"). Defendant the Standard Fire

---

[1] For the purposes of the present Motion, the court accepts as true the undisputed facts in the parties' Local Rule 56(a) Statements and views any disputed facts, as well as the entire record, in the light most favorable to Kaminsky, the nonmoving party. Citations to the defendant's Local Rule 56(a)(1) Statement are only to those portions thereof actually admitted by the plaintiff in her corresponding Local Rule 56(a)(2) Statement. This Part lays out only the central undisputed facts. Certain facts, or issues relating to factual issues, are raised only in the Discussion section, see Part III infra.

Insurance Company's Local Rule 56(a)1 Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment ("L.R. 56(a)(1) Stmt.") (Doc. No. 43-1) ¶ 13.

On or about August 28, 2011, the Property sustained damage as a result of Hurricane Irene. Id. ¶ 15. Kaminsky made an insurance claim arising out of this damage and collected payment on this claim. Id. ¶¶ 16–17. On or about October 29, 2012, the Property sustained damage as a result of Superstorm Sandy. Id. ¶ 18. On October 30, 2012, Kaminsky submitted a claim to Standard Fire in relation to this damage. See Independent Adjuster's Report (Doc. No. 43-8) at 2. On November 21, 2012, Standard Fire, acting through an independent claims adjuster, inspected the Property. L.R. 56(a)(1) Stmt. ¶ 19. On January 4, 2013, Standard Fire disbursed a payment of $9,504.20 to Kaminsky. Id. ¶ 26. By letter dated April 9, 2013, Kaminsky inquired as to further payments by Standard Fire as to further losses. See Letter from Mary Ross-Goodnough to Matthew C. Kotzen dated April 23, 2013 (Doc. No. 43-10 at 2). By letter dated April 23, 2013, Standard Fire informed Kaminsky that it would not make further payments on her insurance claim absent certain kinds of proof. L.R. 56(a)(1) Stmt. ¶ 27. On December 17, 2013, Kaminsky submitted further proof of loss. Id. ¶ 28.

On December 30, 2013, Kaminsky filed the present lawsuit. Id. ¶ 30. On or about December 31, 2013, Standard Fire responded that it was rejecting the further loss claimed by Kaminsky for absence of sufficient proof of loss. Id. ¶ 29.

II.   **STANDARD OF REVIEW**

Granting a motion for summary judgment is proper only if "there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law." O'Hara v. Nat'l Union Fire Ins. Co., 642 F.3d 110, 116 (2d Cir. 2011). Thus, the court's role in deciding such a motion "is to determine whether genuine issues of material fact exist for trial, not to make findings of fact." Id. In making this determination, the court "must resolve all ambiguities and draw all inferences against the moving party." Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013).

The moving party bears the burden of establishing the absence of genuine issues of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). If the moving party meets that burden, the party opposing the motion will only prevail if it sets forth "specific facts" that demonstrate the existence of "a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)).

For summary judgment purposes, a genuine issue exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor. See Rivera v. Rochester Genesee Reg'l Transp. Auth., 702 F.3d 685, 693 (2d Cir. 2012); see also Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (stating that the non-moving party must point to more than a mere "scintilla" of evidence in its favor). Mere conclusory statements or allegations are not sufficient to defeat a summary judgment motion. Davis v. N.Y., 316 F.3d 93, 100 (2d Cir. 2002).

## III.  DISCUSSION

### A.  Failure to provide documentation (paid invoices, bills, etc.)

Standard Fire complains that Kaminsky has not complied with a federal regulation requiring that she "[p]repare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss.  Attach all bills, receipts, and related documents."  44 C.F.R. pt. 61, App. A(1), VII.J.3.  See Memorandum of Law of the Standard Fire Insurance Company in Support of Its Motion for Summary Judgment ("MSJ Mem.") (Doc. No. 43-18) at 16–18.[2]  Standard Fire does not complain that Kaminsky failed to provide the inventory described, only that she

> failed to submit adequate supporting documentation of the items claimed in her supplemental Proof of Loss [the December 17, 2013 submission] and documents [proof submitted subsequent to Standard Fire's December 31, 2013 denial]. . . . [Kaminsky] provided a contractor's building estimate, invoices, repair estimates, proposal and photographs but failed to provide paid invoices, bills or receipts or detailed repair estimates relating to work she actually completed and related documentation . . . ."

Id. at 18.  In the same paragraph in its Memorandum, Standard Fire gives two citations: one to a document 31 pages long and one to a document more than 200 pages long.

The court denies summary judgment on this basis because these two sweeping, conclusory sentences in Standard Fire's Memorandum—the only ones actually alleging any facts as to this issue—and the accompanying citations do not present any evidence that the allegedly missing documents actually exist.  Standard Fire implies that Kaminsky "completed" some kind of "work" for which she might have "invoices, bills[,] receipts[,] detailed repair estimates . . . and related documentation," but the court

---

[2] All of the court's citations to pages of the parties' memoranda are to the CM/ECF system's assignment of page numbers rather than counsel's assignments, to the extent that the two paginations differ.

discerns no evidence that any such work occurred, let alone the scope of such work or how it interacts with the documentation that Kaminsky did in fact provide.[3]  Accordingly, this evidence and argument is not sufficient to require that any reasonable jury conclude that Kaminsky failed to comply with her obligations under the SFIP.

Because Standard Fire has not provided factual support for this argument, the court does not reach its legal argument that, to the extent Standard Fire has actually identified a failure by Kaminsky to comply with the terms of the SFIP, the case must be dismissed as precluded by federal sovereign immunity.  See MSJ Mem. at 17.

  B. <u>Failure to provide evidence of repairs/replacements related to prior insurance claim</u>

Standard Fire also complains that Kaminsky has not provided evidence of what repairs she made using a prior payout from Standard Fire for losses incurred in Hurricane Irene.  See MSJ Mem. at 18–19.

One SFIP term provides, apparently in accord with the general proposition that an insured should not be able to claim losses suffered in a prior flood in a claim arising from a subsequent flood, that an insurer has the "[o]ption[ ] . . . in [its] sole discretion . . . [to] request, in writing, that [an insured] furnish [the insurer] with [e]vidence that prior flood damage has been repaired."  44 C.F.R. pt. 61, App. A(1), VII.K.2.e.

However, summary judgment on the basis that Kaminsky has not provided such evidence is not appropriate.  First, Standard Fire has not cited to evidence that it

---

[3] As best the court can discern from the memoranda and statements of material facts submitted by the parties, neither party at any point attempts to break down the total dollar disputes at issue and correlate portions of the total disputed amount with the documentary evidence (or lack thereof) supporting each claimed amount.  Without such a breakdown—and with the parties instead giving broad, sweeping descriptions of the issues—it is extremely difficult for the court to evaluate whether, given the record evidence available, a reasonable jury might only find in favor of the moving party as to any portion of the amount of money actually in dispute.

requested such evidence in writing, as the above quotation from the controlling regulations reflects is required, but only to possibly-admissible hearsay in its Independent Adjuster's Report, (Doc. No. 43-8) at 3, to the effect that Kaminsky's "contents loss" claim was "same as last year" and was "found" to contain "no new contents items that were flood damaged from the 10/29/12 claim."  Second, Kaminsky does cite to some evidence that she provided the kind of documentation that Standard Fire requested.  See Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 47) at 6 (citing to what appear to be invoices for items replaced after Hurricane Irene).  Third, reliance by Standard Fire on the regulation that gives it the "option" to request evidence does not establish that an insurer is always justified in denying coverage based on a failure to provide such evidence.  Thus, even assuming that Standard Fire requested, and Kaminsky declined to provide, evidence of this kind, these facts do not establish that no reasonable jury could find that Standard Fire was obligated to reimburse Kaminsky for the losses that she claims.  That it would be nonsensical to impose an absolute bar on claims where the claimant cannot provide documentary evidence of prior repairs, and that a jury might find that the claimant did indeed make such repairs or replacements, is especially appropriate where, as here, the claimant represents that the documentary evidence was destroyed in the very flooding that resulted in her insurance claim.  See id. (citing sworn answers to interrogatories).  For these reasons, summary judgment is inappropriate as to these claims.

### C. No compensation for items that were not a physical loss

Standard Fire argues that Kaminsky is not entitled to seek compensation for "equipment monitoring, temporary toilets, temporary power, storage containers and permit and engineering fees" because she is "only entitled to payment for damages directly caused by or from flood"—and, in support of its argument, it cites a number of cases. MSJ Mem. at 20. Very few of the cases that Standard Fire cites actually come to any conclusion as to whether the SFIP covers specific examples of losses; instead, they only conclusorily state that "economic loss" and "consequential damages" are excluded. One cited case that does come to such a conclusion is Atlas Pallet, Inc. v. Gallagher, 725 F.2d 131 (1st Cir. 1984). However, that case only stands for the proposition that "the increase in [the insured's] fire insurance premium during the time when [a] sprinkler system was inoperative" is a non-covered "economic loss." Id. at 139.

The compensations that Kaminsky seeks and of which Standard Fire complains here, however, appear simply to be itemized costs for a contractor to repair the physical damages to Kaminsky's home. To the extent these proposed costs are indeed simply repair costs and are not otherwise excluded from compensation under the SFIP—as, for example, by Part V ("Exclusions") of Appendix A(1) to Part 61, title 44 of the Code of Federal Regulations, which itself indicates a definition of excluded "economic loss"— Standard Fire's conclusory characterization of these costs as outside the scope of those "directly caused by or from flood," MSJ Mem. at 20, is unwarranted, and Kaminsky may seek compensation for them. Accordingly, summary judgment will not enter for Standard Fire as to these claimed damages.

D. <u>No compensation for items outside of basement</u>

Standard Fire also complains that Kaminsky's "building estimate includes repairs to the first level of the property" whereas Standard Fire's adjuster concluded that flooding only affected the basement. <u>See</u> MSJ Mem. at 20 (citing Independent Adjuster's Report at 1). Kaminsky does not respond to this argument in the body of her Opposition. However, she does respond to it by raising a related Disputed Issue of Material Fact. <u>See</u> Local Rule 56(a)2 Statement (Doc. No. 47-2), Disputed Issue of Material Fact No. 6 ("Whether the first level of Plaintiff's home was damaged by floodwaters."). However, simply asserting that a disputed issue of material fact exists is insufficient, and Kaminsky cites to no evidence in support of this purportedly disputed issue, while Standard Fire cites to the independent adjuster's report, which states that floodwaters only rose to 57 inches in the basement, which was below the first level of Kaminsky's home. <u>See also</u> D. Conn. L.R. 56(a)(3) ("Each statement of material fact . . . in a Local Rule 56(a)2 Statement . . . must be followed by a specific citation to . . . evidence . . . . [F]ailure to provide specific citations to evidence in the record . . . may result in the Court deeming certain facts that are supported by the evidence admitted . . . ."). From this evidence, a reasonable jury could only conclude that Kaminsky's claims for damages on the first floor of her home constitute claims for damages not caused by Superstorm Sandy. Accordingly, summary judgment will enter as to such damages.

E. <u>No compensation for non-covered items in basement</u>

Standard Fire also argues that Kaminsky is not entitled to any payment for certain items in Kaminsky's basement which, it says, are specifically excluded from

coverage by the SFIP.  See MSJ Mem. at 20–21.  Kaminsky does not respond to this argument.  The court "infer[s] from [her] partial opposition that" any claims corresponding to these arguments "have been abandoned," and thus grants summary judgment to Standard Fire as to these claims.  Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014).

      F.      No recovery of interest

Standard Fire also argues that Kaminsky is not entitled to seek interest on the compensation she pursues.  See MSJ Mem. at 21.  Because, as with the prior claim, Kaminsky does not respond to this argument, the court infers that Kaminsky has abandoned her claim for interest and grants summary judgment to Standard Fire as to this claim.

      G.      No recovery of attorney's fees

Finally, Standard Fire contends that, even to the extent that Kaminsky prevails in this action, she is not entitled to seek attorney's fees on this basis.  See MSJ Mem. at 21–22.  Because determinations of liability are incomplete, it would be premature to determine entitlement to seek attorney's fees at this time.  Summary judgment is denied on this issue without prejudice to renewed motions on the issue at a later time, at which point the case law on this contested point of law may perhaps be better developed.

**IV.**    **CONCLUSION**

The Motion (Doc. No. 43) is **GRANTED IN PART AND DENIED IN PART** in accordance with the foregoing analysis and conclusions.

**SO ORDERED**.

Dated at New Haven, Connecticut this 28th day of May 2015.

                                            <u>/s/ Janet C. Hall</u>
                                            Janet C. Hall
                                            United States District Judge